(107 So. 590)

No. 25315.

CAGE v. POINTE COUPEE TRUST & SAVINGS BANK.

(March 1, 1926.)

*(Syllabus by Editorial Staff.)*

Banks and banking ☞134(1)—Bank not liable for damages for refusal to pay over amount of loan left on time deposit, securing bank against guaranty of another's claim for advances to depositor against superior lien of landlord.

One giving note to bank to represent loan. and leaving amount on time deposit to secure bank against its guaranty of another's claim for advances to depositor against superior lien of landlord for rent, had no cause or right of action against bank for damages for refusal to pay over deposit.

Appeal from Twenty-First Judicial District Court, Parish of Pointe Coupee; William C. Carruth, Judge.

Action by C. Wall Cage against the Pointe Coupee Trust & Savings Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

Albin Provosty, Bouanchaud & Kearney, and J. H. Morrison, all of New Roads, for appellant.

Taylor, Porter, Loret & Brooks, of Baton Rouge, for appellee.

O'NIELL, C. J. The plaintiff has appealed from a judgment rejecting his demand for damages, for the refusal of the defendant, bank, to pay over to him a time deposit of $4,000, held by the bank as a trust fund to pay plaintiff's rent. The facts of the case are stated in detail in the opinion handed down today in the case of Catherine Planting & Manufacturing Co. v. Pointe Coupee Trust & Savings Bank, No. 25314, 107 So. 711.[1]

Before answering this suit, the defendant, bank, filed exceptions of no cause or right of action, which were overruled.

The suit might as well have been dismissed on the exception of no cause of action as heard upon its merits.

When plaintiff arranged for the loan at the bank he gave the bank his note for $4,000 to represent the loan, and left the $4,000 on deposit as a trust fund, or time deposit, to secure the bank against a guaranty which the bank then made in favor of the Catherine Planting & Manufacturing Company, to protect the latter's claim for advances made to Cage, against the superior lien of the landlord, to the extent of $4,000. We decided in the case of the Catherine Planting & Manufacturing Company against the bank that the latter had breached the obligation of guaranty, but that has nothing to do with

─────────────
[1] Post, p. 963.

this suit. The note for $4,000 that Cage gave the bank to represent the loan was made payable on the very day that the bank was to pay Cage's rent, according to the letter of guaranty in favor of the Catherine Company. Aside from the bank's obligation to protect the Catherine Company, the bank's obligation to Cage was extinguished by confusion. If the bank had paid the $4,000 on Cage's rent, he would have owed immediately the same amount to the bank, and the bank would have had the right to press its claim as relentlessly as the landlord pressed his. That, we assume, was the basis of the exception of no *cause* of action. We say assume, because the case was not argued on either side, either orally or in briefs.

The plea or defense of no *right* of action seems to have been based upon the fact that, when the landlord sued Cage for the rent and threatened to seize his sugar cane and livestock and farming implements, Cage transferred the property to the landlord in part payment for the rent, and assigned his claim against the bank to the Catherine Company in consideration for the latter's paying the balance due on the rent. It is not necessary to decide whether Cage's right of action against the bank for damages was conveyed by the assignment, as well as his right to demand payment of the $4,000, for our opinion is that he had no cause or right of action against the bank for damages.

The judgment is affirmed.